UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VINCENT GAMBARDELLA, | : |
|    Plaintiff, | : |
| | : |
| v. | : CASE No. 3:19-CV-01622 (AWT) |
| | : |
| METRO-NORTH COMMUTER RAILROAD | : |
| COMPANY, | : |
|    Defendant. | : |

## RULING ON MOTION IN LIMINE

For the reasons set forth below, the defendant's motion in limine to preclude the use of the doctrine of *res ipsa loquitur* is being denied.

### I. BACKGROUND

Plaintiff Vincent Gambardella brings a claim under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §51 et seq., against his employer, Metro-North Commuter Railroad Company ("Metro-North"), for injuries he sustained, while a passenger in a vehicle driven by a co-worker, when that vehicle collided with a tractor trailer parked in the breakdown lane. The defendant moves in limine to preclude the plaintiff from arguing at trial that negligence can be inferred under the doctrine of *res ipsa loquitur.*

The plaintiff will offer evidence that his co-worker, James Simmons, was driving the vehicle in which the plaintiff was a passenger, and that at the time of the collision, it was daylight and the road was dry. He will also offer evidence that

1

there was no exclamation from Simmons before the crash and that there were no skid marks. There will be evidence that Simmons admitted responsibility for failing to maintain his lane, and also admitted to not swerving, hitting the brakes or blowing the horn.

The incident was investigated by Trooper Stephen Corona, who will be called by the plaintiff as a witness at trial. Simmons claimed that a third party, who was driving a white, grey or silver car, caused him to swerve and hit the tractor trailer. In the incident report, Trooper Corona noted the absence of identifying information about the other vehicle, as well as the fact that there were no skid marks and no reports from any other motorist about a vehicle driving erratically. In addition, Gambardella will testify that he did not feel or hear anything that is consistent with the claim by Simmons that he had to abruptly swerve out of his lane to avoid hitting the "phantom car" that Simmons claims cut him off.

In the joint trial memorandum, the plaintiff requested a *res ipsa loquitur* jury instruction. The defendant objected.

**II. DISCUSSION**

*Res ipsa loquitur* is a "trial rule under which negligence may be inferred from the unusual happenings growing out of conditions under a defendant's control." Jesionowski v. Boston & Maine R.R. Co., 329 U.S. 452, 454 (1947). "*Res ipsa* is not a

2

substantive rule of law, but, rather, is a *procedural* convenience or device where the situation presented makes it applicable. In other words, it is merely a form of circumstantial evidence that allows a trier of fact to infer negligence from a set of proven facts." Higgins v. Consol. Rail Corp., 638 F.Supp. 254, 257 (D. Conn. 1986). "[T]o justify a *res ipsa loquitur* theory, a plaintiff must demonstrate that (1) the event was of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it was caused by an agency or instrumentality within the exclusive control of the defendant; and (3) it was not due to any voluntary action or contribution on part of the plaintiff." Potthast v. Metro-North R.R. Co., 400 F.3d 143, 149 (2d Cir. 2005) (citing Santa Maria v. Metro-North Commuter R.R., 81 F.3d 265, 272 (2d Cir. 1996). "In persuading the court that a plaintiff merits a *res ipsa loquitur* instruction, the plaintiff cannot be required to meet as high an evidentiary hurdle as would ultimately be needed to convince a jury. See, e.g., *Sweeney v. Erving,* 228 U.S. 233, 240, 33 S. Ct. 416, 57 L.Ed. 815 (1913) ("*Res ipsa loquitur* means that the facts of the occurrence warrant the inference of negligence, not that they compel such an inference….")." Id. at 152. "Well-settled law imputes the negligent actions of employees to their employers." Id. at 149.

The defendant argues that the plaintiff cannot satisfy the first requirement for demonstrating that the jury should be instructed on the theory of *res ipsa loquitur.* Metro-North contends that he cannot do so because the incident here was not an extraordinary event. The defendant asserts that "the Supreme Court applied *res ipsa* in Jesionowski, because '[d]erailments are **extraordinary, not usual happenings.** When they do occur, a jury may fairly find that they occurred as a result of negligence.' Jesionowski, 329 U.S. at 458 (emphasis added)." Def.'s Mot. (ECF No. 30) at 3. The defendant cites Lusher v. Norfolk Southern Railway Co., 2014 WL 3894347, at *7 (N.D. Ind. 2014), emphasizing the court's statement that "'[t]he Plaintiff's **injury did not occur as a result of an extraordinary event,'** but, rather, occurred while the plaintiff was performing a task 'he had done numerous times before.'" Def. Mot. at 3 (quoting Lusher, at *7) (emphasis in original). In addition, the defendant contends "[t]hat the doctrine does not apply in this case is even more apparent when one recalls that this case, although brought pursuant to FELA, arises out of a motor vehicle accident." Def. Mot. at 4.

As to the first point, the defendant argues that:

> Lusher expressly distinguished the type of extraordinary event that might warrant a *res ipsa* inference: [The plaintiff's accident] was not a derailment; it was not a toe showing up in a tin of chewing tobacco; and it was not a flour barrel falling

4

> out of a warehouse window onto a passerby…. Those are
> the type of accidents that *res ipsa loquitur* is meant
> to cover – not the 'ordinary accident' that could have
> occurred without the negligence of the Defendant….
> ***This was an ordinary accident stemming from an
> ordinary event*** ….

Def. Mot. at 3-4 (emphasis in original). However, the first requirement is not that the injury-producing event be an "extraordinary event," but, rather, that it be of a kind which ordinarily does not occur in the absence of someone's negligence. In Jesionowski, the Court explained:

> This Court said, in Sweeney v. Erving, 228 U.S. 233, 240, 33 S. Ct. 416, 418, 57 L.Ed. 815, Ann.Cas.1914D, 905, a decision which cut through the mass of verbiage built up around the doctrine of res ipsa loquitur, that 'res ipsa loquitur means that the facts of the occurrence warrant the inference of negligence, not that they compel such an inference; that they furnish circumstantial evidence of negligence where direct evidence of it may be lacking, but it is evidence to be weighed, not necessarily to be accepted as sufficient; that they call for explanation of rebuttal, not necessarily that they require; that they make a case to be decided by the jury, not that they forestall the verdict.' Thus, the question here really is not whether the application of the rule relied on fits squarely into some judicial definition, rigidly construed, but whether the circumstances were such as to justify a finding that this derailment was a result of the defendant's negligence. We hold that they were.

Jesionowski, 329 U.S. at 457.

In explaining why the injury-producing event there was one that did not ordinarily occur in the absence of someone's negligence, the Court explained that "derailments are extraordinary, not usual happenings." Id. at 458. The Court did not require that the injury-producing event always be some

5

particular "type of extraordinary event" in order for the first requirement to be satisfied. Rather, Jesionowski makes it clear that the question is not whether the injury-producing event fits into some judicially defined category of event, but whether the particular circumstances could justify a finding that the injury-producing event was a result of the defendant's negligence.

In Lusher, the court concluded that "[t]his was an ordinary accident stemming from an ordinary event that led to an injury that could have been caused by any number of factors- - the most obvious of which is the negligence of the Plaintiff, who was operating the hand brake and the brake stick." Lusher, at *7. The basis for this conclusion was the particular circumstances:

> The Plaintiff had to apply the hand brake on the first and second railcars in each group to ensure the cars did not move. Using a brake stick to apply the hand brake on the second car in the group, the Plaintiff turned the brake wheel six or seven times. At that time the brake stick disengaged from the brake wheel, throwing the Plaintiff's hand onto the crossover platform of the railcar causing an injury to his hand.

Id. at *3. The court concluded that there were three reasons *res ipsa loquitur* was inapplicable. The first reason was that "this is simply not the type of extraordinary incident covered by the doctrine." Id. at *7. To the extent Lusher stands for the proposition that the doctrine of *res ipsa loquitur* is only applicable with respect to certain types of extraordinary events, the court does not find it persuasive.

6

As to the second point, Metro-North cites to Toomey v. Danaher, 161 Conn. 204 (1971), and Anamasi v. Lowe, 2010 WL 3447808, at *3 (Conn. Super. Aug. 5, 2010).

In Anamasi, the court stated that:

> In Connecticut, res ipsa loquitur does not apply to [motor vehicle accidents in which there are no eyewitnesses] … since common experience shows that causes of motor vehicle accidents other than driver negligence are not infrequent." (Citation omitted.) Toomey v. Danaher, 161 Conn. 204, 207, 286 A.2d 293 (1971) (where there were no eyewitnesses to collision, jury could not have ruled out sudden illness or sudden emergency, therefore, conclusion that collision was result of negligence was product of conjecture or guess).

Anamasi, at *3. The court also observed that in "a case involving an automobile accident, [a] plaintiff cannot merely prove that a collision occurred and then call upon the defendant operator to come forward with evidence that the collision was not a proximate consequence of negligence on his part." Id.

Similarly, in Toomey there were no witnesses to the accident, which involved one car with two occupants. One of the occupants was killed and the other could not recall the accident. The court determined that there was no basis for a conclusion by the jury that the car was travelling at a speed that was excessive, so as to support a finding of negligence, because "the only evidence on which the jury could base its conclusion of negligence was the fact that the car skidded for about 400 feet, struck a metal guardrail, split in half behind

7

the seat, the body of the rear section disintegrated, and the front half of the car continued on for a short distance." Id. at 208.

Thus, Anamasi and Toomey merely establish that, because motor vehicle accidents are not infrequently caused by something other than driver negligence, a plaintiff cannot satisfy the first requirement for applicability of the doctrine of *res ipsa loquitur* in a case involving a motor vehicle accident in which there are no eyewitnesses. This is because such a plaintiff is without evidence that rules out what in common experience are other ordinary causes of motor vehicle accidents. As reflected in the discussion of the evidence the plaintiff intends to offer at trial, that is not the situation here. People do not ordinarily drive their vehicle into a parked tractor trailer in the absence of either negligence or some contributing factor. The plaintiff will offer evidence that there was no such contributing factor.

### III. CONCLUSION

For the reasons set forth above, defendant's motion in limine regarding inapplicability of *res ipsa loquitur* doctrine (ECF No. 30) is hereby DENIED.

It is so ordered.

Signed this 25th day of June 2021 at Hartford, Connecticut.

                                            /s/ AWT
                                     Alvin W. Thompson
                             United States District Judge